IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DONNA L. MARKWELL, ) | CIVIL NO. 23-00080 JAO-RT |
| ) | |
| Plaintiff, ) | ORDER DISMISSING FIRST |
| vs. ) | AMENDED COMPLAINT WITHOUT |
| ) | PREJUDICE |
| HON. ELIZABETH ANN ) | |
| CHEESEMAN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE

On March 9, 2023, pro se Plaintiff Donna L. Markwell ("Plaintiff") filed a First Amended Complaint ("FAC"), ECF No. 11, and paid the associated filing fee, ECF No. 13. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The Court is presumed to lack subject-matter jurisdiction, and the plaintiff bears the burden of establishing that subject-matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If the Court lacks subject matter jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Upon review, even construing Plaintiff's FAC liberally, *see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003); *Erickson v. Pardus*, 551 U.S.

89, 94 (2007), it appears that Plaintiff's Complaint fails to demonstrate that the Court has jurisdiction. The Court has already engaged in a lengthy discussion regarding the lack of diversity jurisdiction — Plaintiff and Defendants are all citizens of Australia[1] — as well as federal question jurisdiction, *see* ECF No. 9, which is the sole jurisdictional basis now asserted by Plaintiff. *See* ECF No. 11 at 5. For the sake of brevity, the Court adopts but does not repeat its prior analysis, and focuses only on the substantive amendments in the FAC.

As to federal question jurisdiction, Plaintiff now adds that Australia, an ally, is a "protectorate" of the United States because the armed forces of both countries have "fought together" to protect Australia from foreign enemies and served alongside each other in other conflicts, and both countries have entered into multiple treaties and pacts following World War II. *Id.* at 5–6. Plaintiff contends that because the oath administered to United States district judges require that they "protect the Republic from enemies both foreign and domestic," then that duty extends to protecting the enemies of the people of Australia by way of the Alien Tort Statute. *See id.* at 5–6.

---

[1] Plaintiff's amended civil cover sheet states that Plaintiff is a "Citizen or Subject of a Foreign Country," ECF No. 12; *see also* ECF No. 11 at 16 (indicating Plaintiff is an Australian), and the FAC alleges that all Defendants are citizens of Australia. ECF No. 11 at 7.

But, as the Court previously stated, the ATS "provides federal jurisdiction for a 'modest number of international law violations' recognized by 'the common law,'" *Jara v. Núñez*, 878 F.3d 1268, 1270 (11th Cir. 2018) (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 724 (2004)), and that claims brought under the ATS must "touch and concern the territory of the United States . . . with sufficient force to displace the presumption against extraterritorial application." *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 124–25 (2013) (emphasis added) (citation omitted). "This presumption 'serves to protect against unintended clashes between our laws and those of other nations which could result in international discord.'" *Id.* at 115 (citation omitted).

Here, the gravamen of the FAC remains the same as that of Plaintiff's original Complaint. That is, the conduct of Defendants — all associated with the Australian court system — with which Plaintiff takes issue, appears to relate to a judicial proceeding and consequential review (or lack thereof). *See* ECF No. 11 at 8–16; *id.* at 9 ("This action is designed to institute reforms to . . . Australian Justice[.]"). All such conduct occurred wholly in Australia. *See id*. at 8–16. That Australia and the United States are allies and have supported each other during armed conflicts does not alter whether *Defendants' acts* touch and concern the territory of the United States because no relevant conduct took place in the United States and, as previously discussed, both Plaintiff and Defendants are not U.S.

3

citizens.  Where, as here, "all of the . . . relevant conduct took place outside the United States" and the parties have no connection with the United States, "a federal court may not exercise jurisdiction under the Alien Tort Statute."  *Jara*, 878 F.3d at 1270; *see also Mujica v. AirScan Inc.*, 771 F.3d 580, 594 n.11 (9th Cir. 2014) (collecting cases that rejected ATS claims where all relevant conduct occurred outside the United States even where a party was a U.S. citizen).  Thus, the Court lacks the federal question jurisdiction asserted by Plaintiff.

For the foregoing reasons, and because Plaintiff had previously been given an opportunity to correct jurisdictional deficiencies, the First Amended Complaint, ECF No. 11, is DISMISSED WITHOUT PREJUDICE.  The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, March 16, 2023.

Jill A. Otake
United States District Judge

CV 23-00080 JAO-RT; *Markwell v. Cheeseman, et. al.*; ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE